IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Tyri Landron, ) | |
| ) | Civil Action No. 6:13-832-TMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden of Livesay Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

       The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

       The petitioner is currently confined at the Fairfield County Detention Center. He was indicted by a Greenwood County Grand Jury in August 2008 for trafficking cocaine (2008-GS-24-1321) and trafficking cocaine within a half mile radius of a playground (2008-GS-24-1322). On August 25, 2009, the petitioner pled guilty to the drug trafficking charges before the Honorable Eugene C. Griffith, Jr. The petitioner was represented by Janna Nelson. The court sentenced the petitioner to concurrent twelve year sentences with the balance to be suspended upon service of ten years. The petitioner did not appeal his convictions or sentence.

       On September 18, 2012, the petitioner filed an application for post conviction relief ("PCR") (2012-CP-24-1099). He alleged the following grounds in his application:

> 1. Based on the collective surrounding facts and circumstances of my charge and Counsel inaction, heavy case load and lack of knowledge pertaining to my defense lead to my wrongful conviction.
>> a. Trial counsel failed to properly investigate the case in which there was an (sic) clear violation of my forth (sic) amendment (1) never should've been pulled over (2) never should've been subject to pat-down (3) pat-down was beyond the plain-feel doctrine (4) I should've not been order exit vehicle.

(PCR app. at p. 6).

On October 30, 2012, the State filed its return and motion to dismiss. The State argued that the application should be summarily dismissed for failure to comply with the statute of limitations governing the filing of PCR applications, South Carolina Code Annotated § 17-27-45(A) (Supp. 2013).

On November 19, 2012, the Honorable Frank R. Addy, Jr., filed a conditional order of dismissal. Judge Addy found that the application was untimely under Section 17-27-45(A) and conditionally dismissed it. The court gave the petitioner twenty days from the date on which the conditional order was served on him to show cause why a final order should not be entered. The petitioner did not respond to the conditional order of dismissal. Therefore, on January 25, 2013, Judge Addy filed a final order summarily dismissing the application with prejudice based upon the petitioner's failure to comply with Section 17-27-45(A).

The petitioner timely served and filed a notice of appeal. On March 15, 2013, the South Carolina Supreme Court summarily dismissed the appeal as follows:

> The circuit court issued a conditional order of dismissal, which gave petitioner twenty days to show cause why the conditional order should not become final. According to the final order of dismissal, petitioner did not file a response to the conditional order. Petitioner has now filed a notice of appeal.

> Where, as here, a PCR applicant fails to file a response to a conditional order of dismissal, this Court has held that the applicant cannot appeal. *Edith v. State*, 369 S.C. 408, 632 S.E.2d 844 (2006). Accordingly, the notice of appeal is dismissed. The remittitur will be sent as provided by Rule 221(b) of the South Carolina Appellate Court Rules.

(S.C. Supreme Court 3/15/2013 order). On April 2, 2013, the court sent the Remittitur to the Greenwood County Clerk of Court.

In his federal petition for writ of habeas corpus now before this court, the petitioner makes the following claims of error (verbatim):

> **Ground One**: My 4th Amendment was violated at time of arrest, Ineffective Assistance of Counsel.
>
> **Supporting facts**: An anonymous tip reported a car she was concerned about parked in store parking lot. Officer only observe vehicle occupied by two males leaving parking lot. [Neither the anonymous tipster] nor [the] officer observe[d] any crime to support reasonable suspicion. So traffic stop was unlawful. Even when I raised my concern about my 4th Amendment, my counsel still fail[ed] to look into it.

(Doc. 1 at p. 5).

On July 8, 2013, the petitioner filed a "motion for relief" (doc. 16), to which the respondent filed a response in opposition on July 23, 2013 (doc. 23). On August 1, 2013, the respondent filed a return and motion for summary judgment (docs. 26, 27). By order filed on August 2, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response in opposition on August 21, 2013 (doc. 30).

3

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The present habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the

provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997). The respondent first argues[1] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees. The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Applying this criteria to the present case, the petitioner did not timely file within the one-year limitations period in Section 2244(d)(1)(A). The petitioner's state court convictions became final ten days after the entry of his August 25, 2009, guilty plea and sentence, as this was the last day on which he could serve a notice of appeal. *See* Rule 203(b)(2), SCACR, (stating a notice of appeal must be served on all respondents within ten days after the sentence is imposed). Thus, his period of limitation began on September 5, 2009, and expired one year later on September 5, 2010.

The petitioner filed a state PCR action on September 18, 2012. However, the PCR application was rejected as untimely and thus was not "properly filed" and cannot toll the federal habeas statute of limitations. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000)*; Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Moreover, even if the PCR application had been properly filed and could toll the statute of limitations, the current federal petition would still

---

[1]As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[2]The statute provides other possible start dates for the one-year time period that are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

be untimely as the time period for filing the federal habeas petition had already expired when the petitioner's PCR application was filed.

As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court. The petitioner delivered the federal petition to the prison mailing system on March 21, 2013 (doc. 1 at p. 14), which was 1,293 days after his state court convictions became final.

The petitioner asserts in the petition, motion for relief, and response in opposition to the motion for summary judgment that he is entitled to equitable tolling because he was unable to prove his case until after the statue of limitations had run (doc. 1 at p. 13; doc. 16 at pp. 5-6; doc. 30 at pp. 3-4). Specifically, he maintains that the law library where he was incarcerated "didn't have the case to make my claim. The law library was very limited." He further contends that the law library was not updated until August 2012, three years after his conviction, and "Until the computers I had no way of proving my claim of ineffective assistance of counsel" (doc. 1 at p. 13).

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010)*; Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000)*.*" To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling "must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

Courts in this circuit have held that extraordinary circumstances warranting equitable tolling do not include unfamiliarity with the legal process and inadequacy of the prison law library. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling") (citation omitted); *Garvin v. Eagleton*, C.A. No. 8:12-1165-JMC, 2013 WL 3821482, at *13

(D.S.C. July 23, 2013) ("Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations."); *Jenkins v. Johnson*, C.A. No. 2:09cv32, 2009 WL 1923938, at *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling.") (citation omitted); *Jones v. South Carolina*, C.A. No. 4:05–2424–CMC–TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness."); *Burns v. Beck*, 349 F.Supp.2d 971, 974 (M.D.N.C.2004) ("unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling") (citing *Harris*, 209 F.3d at 330–32). Based upon the foregoing, the petitioner is not entitled to equitable tolling, and his petition is barred by Section 2244(d)(1).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 27) be granted and the petitioner's motion for relief (doc. 16) be denied. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003) (affirming dismissal of petition filed one day late), *cert. denied*, 541 U.S. 905 (2004).

s/ Kevin F. McDonald<br>United States Magistrate Judge

November 21, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).